## Case No. 4,216.

DWIGHT v. HUMPHREYS et al.

[3 McLean, 104.][1]

Circuit Court, D. Michigan. Oct. Term, 1842.

Mr. Romeyn, for complainant.
Mr. Bates, for defendants.

OPINION OF THE COURT. This is a bill to foreclose a mortgage. The defendants demur on two grounds. 1. That the bill is not signed by counsel. 2. That Bacon having no interest in the foreclosure, should not have been made defendant. In regard to the first ground, it is not denied, that the English practice requires a bill to be signed. This practice seems to have been introduced by Sir Thomas More, who made an order to that effect. And if a bill be not so signed, it is demurrable. 2 Coop. Eq. Pl. 18; Story, Eq. Pl. §47. But in this case the bill is indorsed by counsel, and that is a sufficient signing within the rule. It seems that Bacon is not a party to the mortgage, nor does it appear how he is interested in the decree. No decree is prayed against him. The objection to the bill on this ground may be obviated by an amendment, and leave is given to amend the bill.

## Case No. 4,217.

DWIGHT v. PEASE et al.

[3 McLean, 94.][1]

Circuit Court, D. Michigan. Oct. Term, 1842.

Mr. Talbott, for defendants.

OPINION OF THE COURT. This action was brought upon the following promissory note: "Detroit, January 1st, 1837. Two years after date, I promise to pay to the order of Walter Chester, and Pease, Chester & Co. one thousand and five hundred dollars, for value received, at the Farmers' and Mechanics' Bank of Michigan, with interest. [Signed] John Chester." Indorsed: "Pease, Chester & Co., and also D. E. Jones in blank." The declaration contained three counts, to the first of which there was a demurrer. This count states that one John Chester, on the 1st of January, 1837, made his note payable to order of Walter Chester, and Pease, Chester & Co., and that Pease, Chester & Co., under their partnership name, indorsed and delivered the said note to the plaintiff. John Chester, the maker, was a member of the firm of Pease, Chester & Co. Demand of the note when due, and notice to the defendants, was proved. Walter Chester, one of the promisees in the note, seems not to have indorsed it, and this is fatal to the right of the plaintiff. The interest of the promisees is joint in the note, and not being in partnership, they must each transfer the note. Chit. Bills, 123; Tayl. 55; Carvick v. Vickery, 2 Doug. 653; Jones v. Radford, 1 Camp. 83, note, 21 E. C. L. 41. Only one-half of the note was transferred by the indorsement of Pease, Chester & Co., and this does not give a right to their or any subsequent assignee to sue on the note. Recourse against the maker cannot thus be divided and suits multiplied. The plaintiff seeks by this action to recover the full amount of the note against the defendants, as indorsers. But as he holds but one-half of the note under the assignment, the indorsement, at most, can only be evidence of that amount. The declaration is defective in not averring that Walter Chester, one of the payees, did indorse the note. Demurrer sustained. The plaintiff dismissed his action.